# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6045 | **DATE** | FEB -8 2001 |
| **CASE TITLE** | Napleton v. Troyer | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For reasons in the attached Memorandum Opinion and Order, the defendant's motion to transfer venue based upon forum non-convenience is DENIED.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

No notices required, advised in open court.

No notices required.       number of notices

Notices mailed by judge's staff.     FEB 1 2 2001

Notified counsel by telephone.    date docketed

X  Docketing to mail notices.

Mail AO 450 form.    docketing deputy initials

Copy to judge/magistrate judge.    FEB 1 2 2001
    date mailed notice

vg(lc)   courtroom deputy's initials

Date/time received in central Clerk's Office    mailing deputy initials

Document Number

21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Edward F. Napleton,<br><br>      Plaintiff,<br><br>v.<br><br>Dusty Troyer & Associates, Inc.,<br><br>      Defendant. | Case No. 00 C 6045<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is defendant Dusty Troyer & Associates' ("Troyer" or "defendant") motion to transfer venue to the Middle District of Florida, Tampa Division, based upon forum non-convenience under Title 28 U.S.C. §1404(a). For the following reasons, the defendant's motion is DENIED.

### Statement of Fact and Procedural History

Troyer is a licensed real estate broker in the State of Florida. Its business involves the identification of prospective purchases of automobile dealerships and the real estate on which said dealerships are operated. Once Troyer identifies a dealership that is for sale as well as a prospective purchaser, Troyer enters into a Commission Agreement with the prospective buyer or seller. On or about September 1995, Edward Napleton ("Napleton" or "plaintiff") and Troyer communicated about the purchase of Jupiter Honda/Dodge, located in Jupiter, Florida. Such communications continued through 1996, 1997, 1998, and 1999. In November of 1999, Troyer discovered that Napleton had purchased an interest in the Jupiter Mazda/Dodge dealership. After

1



having learned of Napleton's purchase of the Jupiter Mazda/Dodge dealership, Troyer made a demand for a commission. On August 2, 2000, Napleton sued Troyer in the Circuit Court of Cook County, Illinois. This case was removed to federal court on October 2, 2000. On August 17, 2000 Troyer filed suit against Napleton in the United States District Court for the Middle District of Florida. On October 10, 2000, the Honorable Steven D. Merryday granted the Napleton's motion to stay pending the conclusion of the related Illinois State Court action. Presently before this court is defendant Troyer's motion to transfer venue to the Middle District of Florida, Tampa Division, based upon forum non-convenience under Title 28 U.S.C. §1404(a). For the following reasons, the defendant's motion is DENIED.

## Analysis

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, a in the interest of justice, a district court may transfer any civil action another district or division where it might have been brought." 28 U.S.C. §1404(a). In the Northern District of Illinois, a party seeking to transfer venue under §1404(a) bears the burden of establishing (i) that the venue is proper in the transferor district; (ii) venue is proper in the transferee district; and (iii) the transfer is for the convenience of the parties and the witnesses and is in the interest of justice. Tensor Group Inc. v. All Press Parts & Equipment, 966 F.Supp. 727, 728 (N.D.Ill. 1997).

By filing this motion under 28 U.S.C. §1404(a), the defendant has conceded that venue is proper in the transferor district. The defendant bears the burden of establishing the two remaining requirements under §1404(a).

The defendant argues that "a transfer to the United States District Court for the Middle District of Florida, Tampa Division, is based upon the presence and convenience of all witnesses

2

other than Mr. Napleton, who regularly travels from Illinois to Florida . . ." (Defendant's Memorandum of Law In Support of Motion To Transfer, pg 2).

Outside of this assertion, the defendant proffers that venue is proper in Tampa because where the breach alleged is failure to pay money due under a contract, the cause of action accures, for venue purposes, where payment was to have been made. Sundor Brance, Inc. v. Groves Go., Inc., 604 So.2d 901, 903 (Fla. 5th DCA 1992). The facts before the court, however, do not establish that on the basis of alleged contract a commission was to be paid to the office in Tampa. Consequently, the defendant fails to meet his burden on this issue.

In the alternative, assuming that the defendant were able to prove that venue is proper in the transferee district (Tampa), Troyer has not demonstrated that the transfer is for the convenience of the parties and the witnesses and is in the interest of justice. Venue may be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. Source Services Corp. v. Technisource, 1995 WL 493499, *1 (N.D.Ill. 1995); Black v. Mitsubishi Motor Credit, 1994 WL 424112, *1 (N.D.Ill. 1994); Sistrunk v. ADM Corp., 1993 WL 98239, *3 (N.D.Ill. 1993). Further, substantial deference is giving to the plaintiff's initial choice for forum where the chosen forum bears a reasonable relationship to the events that form the basis of this action. Source Services Corp., 1995 WL 493499.

In this case, Troyer has not shown that Florida is "clearly more convenient" than Illinois for the purposes of litigation. Source Services Corp., 1995 WL 493499 at *1. Napleton has chosen to pursue his claims against the defendant in his home state, Illinois. The defendant argues that it would be more convenient for Napleton to try this matter in Florida because there is a "pending" case in the Middle District of Florida and that Napleton is a "man of considerable

wealth." First, the lawsuit in Tampa has been stayed until the outcome of this case, and therefore adds little to the convenience of transferring this suit. Second, Napleton's financial status is irrelevant. The defendant has not shown that a transfer of venue would be in any way convenient for Napleton.

As for additional witnesses, the defendant has not indicated in any great detail witnesses who would be inconvenienced. The actual residence of the two individuals who have been identified by the defendant as key witnesses, David Portell ("Portell") and Sande Wische ("Wische"), is uncertain from the evidence presented. Consequently, the inconvenience to those particular witnesses is unmeasurable. On the other hand, the plaintiff has named several witnesses who reside in Illinois or closer to Illinois than Florida. (Napleton's Response to Defendant's Amended Motion to Transfer Venue, pg 5).

Further, the defendant has failed to prove that Tampa is the situs of material events.[1] The fact that the defendant's office is located in the Middle District of Florida is not reason enough to transfer this case. Therefore, this court finds that a transfer of venue would not provide any additional convenience to the parties or the witnesses and would not be the interest of justice.

---

[1] The dealership on which the defendant claims a commission is located in the Southern District of Florida.

4

**Conclusion**

For the foregoing reasons, the defendant's motion to transfer venue based upon forum non-convenience is DENIED.

Enter: _David H. Coar_

David H. Coar

United States District Judge

Dated: FEB -8 2001